## Allison *against* Pennington.

Nothing but an unequivocal admission of indebtedness is such evidence of a promise to pay as will take a case out of the operation of the Statute of Limitations.

ERROR to the Common Pleas of *Centre* county.

James & Pennington against James Allison. Case in assumpsit founded on book-account. The defendant pleaded *non assumpsit infra sex annos,* and upon this plea the cause was tried. The plaintiff's account amounted to $886.00, and he gave the defendant credit for $789.54, and claimed the balance. The suit was brought before a justice, and to avoid the effect of the defendant's plea, the plaintiff called witnesses to prove that upon the trial before the justice the defendant admitted the account to be right except certain items in it which he objected to, and said they had been paid.

The court submitted to the jury the evidence of the defendant's

[Allison v. Pennington.]

admissions before the justice, with instructions that they should be received with great caution; that under such circumstances the jury should give no weight to an admission unless it were clear and unequivocal. The jury found for the plaintiff. The error assigned was, that the court erred in submitting the fact to the jury without such an evidence as would justify a verdict for the plaintiff.

*Blanchard*, for plaintiff in error.
*Hale*, for defendant in error.

PER CURIAM. The thing demanded is the balance of an account, against the recovery of which the Statute of Limitations has been pleaded. None of the items but one is disputed on the original merits; and it was testified that the defendant had admitted the receipt of the money charged in it within six years. But there was no admission of a clear balance at the time; without which, the admission of a particular item would be insufficient. The general principle was accurately stated, but there was error in leaving it to the jury without evidence to bring the case within it. Nothing but an unequivocal confession of indebtedness is evidence of a promise to pay; and we find no such thing in the testimony.

Judgment reversed, and *venire de novo* awarded.